**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0348-16T2

LUIS MANSO,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted August 21, 2018 — Decided September 4, 2018

Before Judges Sumners and Gilson.

On appeal from the New Jersey Department of Corrections.

Luis Manso, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kevin J. Dronson, Deputy Attorney General, on the brief).

PER CURIAM

Luis Manso, an inmate in State prison, appeals from a final determination of the New Jersey Department of Corrections (Department), which upheld a finding of guilt and sanctions imposed

for committing prohibited act .709, failure to comply with a written rule or regulation of the correctional facility, in violation of N.J.A.C. 10A:4-4.1(a)(4)(ix). Specifically, Manso was found to have sent a letter to a teacher at the prison asking her for a date. We reverse because there was no substantial credible evidence in the record that Manso actually wrote or sent the letter.

I.

On September 2, 2016, V.G., a teacher in the education department at the State Prison, received a letter. V.G. had been out on leave, returned on September 2, 2016, and was reviewing her mail. The typewritten letter was dated "7/7/16" and was not signed by hand. The letter began: "My name is Luis Manso, I am a paralegal here in the library here at Northern and I have been wanting to talk to you." The letter went on to state, in part: "I find you very attractive . . . . I wondering if you be interested in going on a date with me when I get home?" It ended: "xoxoxoxoxoxo Manso."

The letter arrived in an envelope that had the return address: "L. Manso 762786B[,] N.S.P.[,] P.O. Box 2300[,] Newark, N.J. 07114." The envelope also had a postmark indicating that it had been mailed from Northern State Prison.

Upon receipt of the letter, V.G. turned it over to Sergeant J.D. Sergeant J.D., in turn, gave the letter to Sergeant E.J., who charged Manso with prohibited acts .052 (making sexual proposals or threats to another) and .709 (failure to comply with a written rule or regulation).

The following day, on September 3, 2016, Sergeant S.K. determined that the disciplinary charges had merit and the charges were served on Manso. Manso denied sending the letter, requested a copy of the letter and any video surveillance, and also requested that the letter be analyzed for fingerprints.

A supervising lieutenant also forwarded the letter to a Special Investigations Division (SID) investigator. The record, however, does not contain any report or summary of an investigation by SID. In that regard, the report of the disciplinary hearing officer does not list any report from SID as a report submitted or considered.

The disciplinary hearing began on September 7, 2016, and concluded on September 8, 2016. In support of the charges, the Department presented the letter, the postmarked envelope, a statement by V.G., a statement by Sergeant J.D., a statement by Sergeant E.J., and the disciplinary report. The hearing officer also received a report authorizing the disciplinary housing placement (DHP) of Manso, a report concerning Manso's medical

condition when he was placed in DHP, a report on the seizure of the letter, a use of force report, and an excerpt from the inmate handbook containing certain facility rules.

At the hearing, Manso pled not guilty, stating that he had "no knowledge" of the letter, and that he had been "set up." Manso also pointed out that in his eighteen years in prison, he had not previously been charged with any disciplinary violations. His counsel substitute contended that the information in the letter was "not true[,]" and requested leniency because Manso had not made any threats.

The hearing officer found Manso guilty of prohibited act .709. In explaining that finding, the hearing officer stated:

> Pleads not guilty, offers no evidence to contradict Part A staff report; letter admitted into evidence. [Inmate] statement and [counsel substitute] statement noted, provides no evidence to mitigate or exonerate. Charge has merit. All relied on.

Manso was sanctioned to thirty days of administrative segregation, sixty days loss of commutation time, and fifteen days loss of recreation privileges.

The hearing officer did not address the charge of prohibited act .052, and it appears that charge was dropped. In that regard, the record contains no finding of guilt on prohibited act .052 and, thus, we deem that charge to have been dismissed.

4

Manso administratively appealed. On September 9, 2016, the Department, acting through the Assistant Superintendent, upheld the disciplinary finding of guilt of prohibited act .709 and the sanctions imposed. In rendering the final agency decision, the Department stated:

> The decision of the hearing officer is upheld. Consideration has been taken to all relevant factors regarding your imposed disciplinary sanctions and appeal. As a result, your appeal is denied: it has been determined that the sanction is appropriate and within acceptable NJDOC limits. No further actions are required.

## II.

On this appeal, Manso makes three arguments. First, he contends that there was no substantial credible evidence that he wrote or sent the letter. Second, he argues that his due process rights were violated when he was denied the right to obtain a witness statement. Finally, he alleges that his due process rights were violated when his request to have the letter analyzed for fingerprints was denied. We need only reach the first argument, because the record does not contain substantial credible evidence that Manso wrote or sent the letter.

Our review of agency action is limited. "An appellate court ordinarily will reverse the decision of an administrative agency only when the agency's decision is 'arbitrary, capricious or

unreasonable or [] is not supported by substantial credible evidence in the record as a whole.'" Ramirez v. N.J. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). Furthermore, "[i]t is settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001) (quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)). The Department is given broad discretion in matters regarding the administration of a prison facility, including disciplinary infractions by prisoners. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999).

The regulations governing inmate disciplinary proceedings state: "[a] finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). Substantial evidence is "such evidence [that] a reasonable mind might accept as adequate to support a conclusion." In re Pub. Serv. Elec. & Gas, 35 N.J. 358, 376 (1961) (citations omitted). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App.

Div. 2010) (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)).

Here, there was no substantial credible evidence in the record that Manso wrote or sent the letter. The hearing officer identified the evidence she considered. That evidence included the letter, the postmarked envelope, statements by V.G., Sergeant J.D., and Sergeant E.J., and the disciplinary report.

The letter and envelope do not establish that they were written by or came from Manso. The letter was typed and was not signed. While the letter states that it is from Manso, there was no evidence that he actually wrote or sent the letter. Indeed, Manso denied knowing anything about the letter. His substitute counsel also contended that much of the information in the letter was inaccurate. The initial burden is on the Department to show substantial credible evidence that a prohibited act has taken place. See N.J.A.C. 10A:4-9.15(a); see also Figueroa, 414 N.J. at 188 (recognizing that the Department bears the burden of persuasion to sustain a charge of prohibited acts). The hearing officer never made a credibility finding concerning Manso's denial. Instead, she improperly shifted the burden to Manso and reasoned that he offered no evidence to contradict the staff report.

A-0348-16T2

The statement by V.G. merely states that she received the letter and provides no other basis to link the letter to Manso. In that regard, V.G. does not state whether she already knew Manso or whether she had any prior interaction with him.

Similarly, the statements by Sergeant J.D. and Sergeant E.J. merely state that they received the letter and the statements do not indicate that either sergeant conducted any independent investigation. The disciplinary report also does not contain any substantial credible evidence that Manso wrote or sent the letter. The report states that Sergeant S.K. reviewed the "reports" from V.G., Sergeant J.D., and Sergeant E.J., but it discloses no other investigation. The report then concludes: "Charge has merit[.]" Critically, however, there is no evidence concerning the factual basis for that conclusion.

As a consequence, when the hearing officer made her finding of guilt, she was relying on the existence of the letter and the envelope that it came in. No witness for the Department appeared at the hearing. Thus, the hearing officer made no credibility findings. Instead, the hearing officer relied on written statements and documents. None of those statements or documents provide any direct evidence that Manso wrote or sent the letter.

We note that Manso requested a fingerprint analysis, but no analysis was conducted. We do not suggest that the Department was

required to conduct a fingerprint analysis, but without that analysis, the Department has no evidence that Manso actually touched or handled the letter or envelope. We also note that the letter was sent to SID for investigation, but the record contains no results of that investigation. In short, the Department failed to show that there was substantial credible evidence supporting the finding of guilt of prohibited act .709. Accordingly, the finding of guilt of prohibited act .709 is vacated and the loss of sixty days commutation time is to be restored.

Reversed and vacated. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION