**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5183-15T2

S.H.,[1]

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted January 28, 2019 – Decided February 11, 2019

Before Judges Fasciale and Rose.

On appeal from the New Jersey Department of Corrections.

S.H., appellant, pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Kevin J. Dronson, Deputy Attorney General, on the brief).

---

[1] We use initials to protect the privacy of S.H.

PER CURIAM

S.H. appeals from the final decision of the Department of Corrections (DOC), denying his request to eliminate or modify contraband seizure forms utilized by the Special Treatment Unit (STU) at Avenel. We affirm.

We glean the procedural history and pertinent facts, which essentially are undisputed, from the record before the DOC. S.H. was involuntarily committed under the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38, and resides in the STU. In June 2016, S.H. submitted a grievance claiming "the DOC is utilizing an improper form at the STU when [it] seize[s] a resident's personal property."[2] In particular, S.H. contended the STU's "Resident Receipt, Contraband Seizure Form 171-IIA" incorrectly references N.J.A.C. 10A:3-6, which generally applies to correctional facilities and, as such, does not pertain to civil commitment institutions, such as the STU. In a terse written statement, the DOC acknowledged receipt of S.H.'s inquiry, indicating the issue would be considered. Following S.H.'s administrative appeal, the DOC upheld its decision, but failed to explain its reasoning.

---

[2] In April 2016, we granted the DOC's motion to dismiss S.H.'s prior appeal of the STU's seizure of his personal electronic property because the property was returned to him prior to disposition of that appeal. S.H. v. Special Treatment Unit, No. A-5489-14 (App. Div. Apr. 19, 2016).

Thereafter, S.H. appealed the DOC's decision to our court, and we granted the DOC's motion for a remand to explain the basis of its decision. On June 6, 2018, the DOC issued the following final written decision:

> The [DOC] utilizes Form[s] "171-IA Seizure of Contraband [Report]," and "171-IIA Resident Receipt, Contraband Seizure" for the purpose of documenting items that are seized from you if they are not permitted inside the facility. Th[ese are] . . . departmental form[s] and the use of the term "correctional facility" [on the forms] does not in any way indicate that you are an "inmate" nor does it deny you any of your rights set forth in the [SVPA]. Per [N.J.S.A.] 30:4-27.34[(a)], the []DOC is "responsible for the operation of any facility designated for the custody, care, and treatment of sexually violent predators."
>
> Regarding the [N.J.A.C.] . . . "10A:3-6" [reference] appearing in the upper right hand corner of . . . [F]orm [171-IIA] and regarding paragraphs that read: "If no disciplinary charges [have been] issued[, you have three business days from the date of this receipt to send a written appeal to the Administrator containing information as to why this item should not be considered contraband] . . ." and "If disciplinary charges have been issued[, your appeal is through the disciplinary process] . . ." These [paragraphs] do not pertain to you as a [r]esident [of the STU]. In review of your time at the STU[,] you were never subject to discipline [pursuant to N.J.A.C.] 10A:3-6[,] nor were you issued any disciplinary charges.

This appeal followed.

3

On appeal, S.H. asserts a single argument for our consideration in his merits brief:

> THE [DOC] ERRED WHEN IT DENIED [S.H.]'S ADMINISTRATIVE REMEDY REQUEST TO PURGE AND REVISE THE [STU]'S RESIDENT RECEIPT CONTR[A]BAND SEIZURE FORM (171-IIA . . . ). (Emphasis added).

In his supplemental brief, S.H. further argues:

> THE DECISION OF THE [DOC] IS BOTH ARBITRARY AND CAPRICIOUS BECAUSE ITS FORM 171-IA, SEIZURE OF CONTRABAND, MAY ONLY BE UTILIZED AT A CORRECTIONAL INSTITUTION AND PROVIDES MISLEADING INFORMATION IF USED AT A CIVIL COMMITMENT FACILITY. (Emphasis added).

Finally, in his reply brief,[3] S.H. claims:

> THE [DOC]'S FINAL AGENCY DECISION SHOULD BE REVERSED BECAUSE THE [DOC]'S ACTIONS ARE UNREASONABLE.

Our limited review of an administrative agency's action is well settled. See, e.g., Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J.

---

[3] In his reply brief, S.H. contends he only "is challenging the validity of Form 171-IIA and not 'Form 171-IA[,]'" but the arguments set forth in his supplemental brief pertain to both forms.

A-5183-15T2

163, 171 (2014). For those reasons, "an appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

Further, "[A]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference." Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001) (citation omitted). The DOC is given broad discretion in matters affecting the STU. We are not, however, bound by an agency's statutory interpretation or other legal determinations. Russo, 206 N.J. at 27.

Both the DOC and the Department of Human Services (DHS) are statutorily obligated to participate in the management of the STU and the treatment of its residents. Specifically, the DOC is charged with the operation

5

of the facilities, N.J.S.A. 30:4-27.34(a), and the DHS is required to "provide or arrange for treatment" of the STU's residents, N.J.S.A. 30:4-27.34(b). The Legislature also directed that representatives of both agencies "participate in an interagency oversight board to facilitate the coordination of the policies and procedures of the facility." N.J.S.A. 30:4-27.34(c). In fulfilling that mission, the two agencies adopted identical regulations for the governance of the STU. See N.J.A.C. 10:36A-1 to -10; N.J.A.C. 10A:35-1 to -10.

Here, S.H. contends the STU's use of Forms 171-IA and 171-IIA is "confusing and misleading" because STU residents need not submit "a written appeal to the [A]dministrator [when their contraband items are seized]." S.H.'s argument, though well-intentioned, is misplaced. While the STU is designated as a treatment facility, and not a correctional facility, the DOC is duly authorized to operate the STU and uses the forms at issue to document impermissible items seized from its residents.

Moreover, the procedures for appeal following confiscation of property are virtually identical for a STU resident and a prison inmate. Compare N.J.A.C. 10:36A-3.2(b) (providing "three business days" for a STU resident to appeal "by submitting a grievance to the individual designated to process grievances, with the DOC Administrator or [Division of Medical Assistance and Health Services]

A-5183-15T2

Clinical Director . . . . "), with N.J.A.C. 10A:3-6.1(a)(5) ("The inmate shall have three business days to appeal the seizure to the Administrator or designee."). Importantly, N.J.A.C. 10:36A-3.2(b) further mandates the staff member who confiscates a STU resident's property to notify the resident of the appeal procedure. Accordingly, even if Form 171-IIA could be construed as confusing, STU residents are apprised of the appeal process. Nor has S.H. demonstrated that the STU's residents will be time-barred by the continued use of Form 171-IIA.[4]

We therefore discern nothing arbitrary, capricious, or unreasonable in the DOC's use of the forms at issue here. Such decisions are committed to the discretion of the DOC, as the operator of the STU. N.J.S.A. 30:4-27.34(a). Consequently, we decline to disturb the DOC's decision, which is supported by sufficient credible evidence in the record. To the extent not addressed, S.H.'s remaining arguments lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E).

---

[4] In his reply brief, S.H. included the certification of another STU resident, S.G., claiming "sometime in or about the year 2013 or 2014[,]" S.G.'s property was confiscated, and because S.G. had forwarded Form 171-IIA to the DOC, and not to the DHS, his time to file an administrative appeal had expired. Because the record does not indicate that S.H. submitted S.G.'s certification to the DOC, it is inappropriate for our consideration on appeal. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5183-15T2