766 A.2d 312 (2001)
337 N.J. Super. 52
Scott F. WNUCK, Petitioner-Appellant,
v.
NEW JERSEY DIVISION OF MOTOR VEHICLES, Respondent-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 20, 2000.
Decided January 31, 2001.
*313 Scott F. Wnuck, appellant pro se.
John J. Farmer, Jr., Attorney General, attorney for respondent (Michael J. Haas, Assistant Attorney General, of counsel; Sue Kleinberg, Deputy Attorney General, on the brief).
Before Judges BAIME, CARCHMAN and LINTNER.
The opinion of the court was delivered by LINTNER, J.A.D.
Defendant appeals the imposition of a surcharge by the Director of Motor Vehicles (the Director), resulting from defendant's third conviction for driving while intoxicated (DWI). N.J.S.A. 39:4-50. Defendant was convicted of DWI on August 19, 1998, in Hackettstown Municipal Court. Defendant's driving privileges were suspended for ten years, N.J.S.A. 39:4-50(a)(3), and he was surcharged in accordance with N.J.S.A. 17:29A-35(b)(1)(a). He contends that as a Pennsylvania resident he is not subject to the insurance surcharge associated with his conviction. We disagree and hold that a non-resident driver, convicted of a violation of N.J.S .A. *314 39:4-50, though not licensed in New Jersey, is subject to an insurance surcharge pursuant to N.J.S.A. 17:29A-35(b)(1)(a).
On June 7, 1999, the Surcharge Administration Office of the Division of Motor Vehicles advised defendant that it was aware that he disputed the surcharge based upon "Pennsylvania licensure and residency." The letter also informed defendant that, in order to dispute the surcharge in question, he must provide proof of residency at the time of the violation, March 1, 1998. It listed the following items as acceptable proof:
1. W-2 tax statements
2. Utility bills (phone/electric)
3. Mortgage/rental receipts
4. Auto insurance/registration
5. Voter registration
6. Pennsylvania Motor Vehicle Driving Abstract
On July 1, 1999, defendant wrote to the Division of Motor Vehicles (DMV) stating the following:
I am sending you what material I have as proof of my Pennsylvania residency. Since selling my house in Pennsylvania in 1995 I have rented a room and part of a barn at a relative's residents. I mostly used this space for storage and to maintain residency but I do occasionally reside there.
I must work in New Jersey as ... that is my Union's territory and that is where the jobs ... are. I also am forced to remain in New Jersey as the municipal judge in Hackettstown sentenced me to 540 hours of community service and gave me one year to complete it. He has threatened to jail me one day for every hour not completed by September 1, 1999. I am due in court for review of my compliance on that date. I have in the past several years used various addresses in New Jersey as a convenience in certain matters. I also have put my girlfriend's utility bills in my name as her credit was effectively ruined by her ex-husband.
In the past year, I have spent nearly all my time here in New Jersey at my girlfriend's or my father's home. I can assure you though as soon as this community service is complete I will be trying to return to Pennsylvania full-time. In 1997 I had to pay taxes in New Jersey and Pennsylvania and it cost me an additional $500, so in 1998 since after the conviction I was stuck here anyway I... filed in New Jersey.
Defendant also enclosed and made reference to his current driver's licence, automobile insurance identification card, automobile registration, which expired on June 30, 1998, and Pennsylvania driver's abstract, all of which listed his address as 730-16 Milford Rd., #265, E. Stroudsburg, PA 18301.
On September 15, 1999, the Surcharge Administration Office advised defendant:
Your response to our June 1999 request for proof of Pennsylvania residency at the time of your March 1, 1998 "Driving While Intoxicated" violation was received and reviewed along with the attached correspondence. However, a review of this residency documentation was not sufficient or specific as requested to support your residency. Therefore, we have determined that the insurance surcharge issued is valid and must be paid as billed.
Please be aware, having an out-of-state license is not always sufficient to void payment of insurance surcharges. There is no provision within the surcharge law that prevents the State of New Jersey from assessing any motorist who violated N.J.S.A. Title 39 while traveling within the boundaries of this state.
Defendant was further advised that the decision embodied in the letter of September 15 constituted a final decision of the DMV.
Defendant essentially argues three points on appeal. He maintains that (1) the DMV determination was inconsistent *315 with its prior determination that defendant's 1995 conviction was not surchargeable; (2) sufficient proof was submitted to show that he was a resident of Pennsylvania; and (3) it is improper to impose a surcharge on persons who are convicted of motor vehicle offenses in New Jersey even though they reside and are licensed in another State.
It is settled that "[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference." In re Appeal by Progressive Cas. Ins. Co., 307 N.J.Super. 93, 102, 704 A.2d 562 (App.Div.1997); Krupp v. Board of Educ. of Union Cty. Reg. High Sch., 278 N.J.Super. 31, 37-38, 650 A.2d 366 (App.Div.1994), certif. denied, 140 N.J. 277, 658 A.2d 301 (1995). Further, we defer to the agency's expertise in relation to technical matters. In re Petition of Adamar of New Jersey, Inc., 222 N.J.Super. 464, 470, 537 A.2d 704 (App. Div.1988). Our task, which is a limited one, is to decide whether: (1) the agency's action violates express or implied legislative policies; (2) the record contains substantial evidence to support the findings; and (3) in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made upon a showing of the relevant facts. R & R Mktg., L.L.C. v. Brown-Forman Corp., 158 N.J. 170, 175, 729 A.2d 1 (1999). Absent arbitrary, unreasonable or capricious action, the agency's determination must be affirmed. Ibid.
We are satisfied that the determination by the Director is factually supported by defendant's own statements concerning his New Jersey residency however, we hold that, regardless of defendant's residency, he is subject to the insurance surcharge because he was found guilty of DWI within our state. N.J.S.A. 17:29A-35(b). We have held that N.J.S.A. 17:29A-35(b), which authorizes the surcharge imposed here, "shall apply to all drivers" and is chargeable to a driver licenced by New Jersey who is convicted of DWI in the State of New York, even though his actual residence is also in New York. In re Edmond D. Johnson, 226 N.J.Super. 1, 7, 543 A.2d 454 (App.Div. 1988). N.J.S.A. 17:29A-35(b)(1)(a) requires that a surcharge be levied for convictions under N.J.S.A. 39:4-50 and "for offenses committed in other jurisdictions of a substantially similar nature." N.J.S.A. 17:29A-35(b)(2). Where the surcharge is not paid, N.J.S.A. 17:29A-35(b)(2) authorizes the Director to suspend the driver's license. The Director may also issue a certification to the Clerk of the Superior Court in order to docket a judgment for the amount owed.
Defendant contends that if a surcharge can be imposed on a nonresident licenced by another state then there would be no limit upon whom a surcharge could be levied. He argues, for example, that such a broad interpretation would permit New Jersey to impose a surcharge for a violation that occurs in Kansas by a licensed resident of Wyoming. Defendant's arguments are misplaced.
Generally, the wisdom, prudence and good sense of the Legislature in the enactment of law are not questions for the judiciary to resolve. Burton v. Sills, 53 N.J. 86, 95, 248 A.2d 521 (1968). "[I]t is incumbent upon [us] to interpret and enforce the legislative will as written ... not in accordance with some unexpressed and ephemeral intention." Gallagher v. Mayor and Council of the Town of Irvington, 184 N.J.Super. 225, 234, 445 A.2d 477 (Law Div.1982), rev'd on other grounds, 190 N.J.Super. 394, 463 A.2d 969 (App.Div. 1983). The cardinal rule which applies is that statutory language should be given its ordinary meaning and construed in a common sense manner to further the legislative purpose. N.E.R.I. Corp. v. New Jersey Highway Auth., 147 N.J. 223, 236, 686 A.2d 328 (1996). The spirit of the law must control the letter where a literal *316 rendering will lead to a result that is not in accord with the purpose and the design of the act. New Jersey Builders, Owners and Managers Ass'n v. Blair, 60 N.J. 330, 288 A.2d 855 (1972).
In order to carry out the purpose of the legislation and afford common sense to the statutory provisions which require surcharges on "all drivers" who are convicted of violation of N.J.S.A. 39:4-50 in New Jersey or similar offenses in other jurisdictions, we conclude, that the intent of the Legislature was to limit surcharges to holders of New Jersey driver's licenses only where the DWI convictions occurs in another state.
The provisions of Interstate Driver License Compact N.J.S.A. 39:5D-1 to -14 (the Compact) are relevant to the resolution of the issue before us. The Compact gives the Director the power to suspend the New Jersey driver's license even though the license holder has been found guilty of DWI in another state. N.J.S.A. 39:5D-4. Under provisions of the Compact, the "home state" is the state that issues the license permitting operation, not the state of residence. N.J.S.A. 39:5D-2. The provisions further prevent a driver from obtaining driver's licenses in more then one state. N.J.S.A. 39:5D-5. Therefore, those states that have enacted the Compact can assume that, when a licensed driver from another state is convicted of DWI within its jurisdiction, the home state of the driver will issue the necessary suspension in compliance with the laws of the home state. In re Johnson, supra, 226 N.J.Super. at 4, 543 A.2d 454. Our determination that the provision of N.J.S.A. 17:29A-35(b), which requires the imposition of a surcharge for DWI convictions in New Jersey, applies to any driver, whereas the provision imposing a surcharge for DWI convictions in other jurisdictions is limited to licenced New Jersey drivers, is consistent with the provisions of the Compact.
We observed in In re Johnson, supra, 226 N.J.Super. 1, 543 A.2d 454, that the purpose of the statute creating the surcharge was to place the added cost of insurance generated by poor driving on the high risk driver. An accident that occurs as the result of poor driving by a New Jersey licensed driver will result in increased insurance premiums whether the accident occurs in New Jersey or a sister state. By contrast, a nonresident driver who is not the holder of a New Jersey license can only adversely affect insurance costs if the driver's poor driving results in an accident in New Jersey. Thus, the purpose of the Legislature is served by (1) imposing a surcharge on those found guilty of DWI in New Jersey regardless of whether they are licensed by, or reside in, New Jersey; and (2) limiting the imposition of a surcharge to holders of New Jersey driver's licenses where the DWI conviction occurs in a sister state. The enforcement provisions of N.J.S.A. 17:29A-35(b), which allow the Director to suspend a New Jersey driver's license or docket a judgment, are consistent with this purpose as well.
Affirmed.