**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0781-17T1

JOHN F. MIZE,

     Petitioner-Appellant,

v.

NEW JERSEY MOTOR VEHICLE
COMMISSION,

     Respondent-Respondent.

_____

Submitted November 5, 2018 – Decided  November 19, 2018

Before Judges Sabatino and Mitterhoff.

On appeal from the New Jersey Motor Vehicle Commission.

Greggory M. Marootian, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jennifer R. Jaremback, Deputy Attorney General, on the brief).

PER CURIAM

John F. Mize appeals from a final decision of the New Jersey Motor Vehicle Commission ("MVC") suspending his driver's license for two years after he was convicted of operating a motor vehicle while ability impaired by alcohol in New York. We affirm.

Appellant has been convicted of three offenses for driving while under the influence of alcohol. He first pled guilty to a driving under the influence on September 10, 1992, for an incident that occurred on August 28, 1992 in New Jersey. He next pled guilty to driving under the influence on August 20, 1997, for an incident that occurred on May 25, 1997 in New Jersey. On August 3, 2017, Mize was convicted in New York of driving while ability impaired by alcohol, for an incident that occurred on March 14, 2017 in New York. At the time of this New York offense, appellant was a New Jersey licensed driver and presented his New Jersey driver's license, although he resided in New York. Shortly after the incident, appellant obtained a New York driver's license on March 22, 2017.

On August 18, 2017, the MVC sent notice to appellant proposing to suspend appellant's driving privileges for two years pursuant to N.J.S.A. 39:4-

30(a)(2) as a result of his New York conviction.[1]  By letter dated September 9, 2017, appellant requested a hearing and stay of the scheduled suspension pending disposition of the hearing.  The letter indicated that appellant "no longer has a New Jersey license [and] . . . lives in and is licensed in New York."  Along with the letter, appellant submitted tax records and an earning statement showing that he resided in New York.  He also submitted copies of a New York driver's license issued on March 22, 2017 and an interim New York driver's license issued on August 23, 2017.

On September 20, 2017, the MVC issued a final agency decision, denying appellant's request for a hearing and ordering the imposition of the two-year suspension.  On October 19, 2017, appellant appealed the final agency decision.[2] He raises the following points for our review:

> POINT I
>
> THE STATUTORY AND REGULATORY FRAMEWORK ALLOWING RECIPROCAL LICENSE SUSPENSIONS VIOLATES DUE PROCESS.

---

[1]  Appellant's New York conviction was treated as the appellant's second offense pursuant to the "step down" provision in N.J.S.A. 39:4-50(a)(3), which permits a third offense to be treated as a second offense for sentencing purposes if the third offense occurs more than ten years after the second offense.

[2]  Appellant requested that the MVC stay his suspension pending the disposition of this appeal.  The MVC denied this request.

A-0781-17T1

POINT II

THE NEW JERSEY MVC WAS NOT THE "LICENSING AUTHORITY IN THE HOME STATE" UNDER N.J.S. 39:5D-4(a) AND THEREFORE HAD NO AUTHORITY TO SUSPEND MIZE'S NJ DRIVING PRIVILEGES.

In general, we will uphold a final agency decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Hermann, 192 N.J. 19, 27-28 (2007) (citation omitted). "However, while an appellate court must respect the agency's expertise, the interpretation of a statute is a judicial function and we are 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" New Jersey Div. of Motor Vehicles v. Ripley, 364 N.J. Super. 343, 346 (App. Div. 2003) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). In this case, "[b]ecause defendant's arguments primarily address questions of law, our standard of review is plenary." State v. Zeikel, 423 N.J. Super. 34, 40 (App. Div. 2011).

New Jersey and New York are both signatories of the Interstate Driver License Compact ("the Compact"), N.J.S.A. 39:5D-1 to -14, which is an interstate agreement by which each participating state agrees to treat an out-of-state conviction for driving while intoxicated as if the conviction had occurred

within its own jurisdiction. N.J.S.A. 39:5D-4(a)(2). If the laws of another state "do not provide for offenses or violations denominated or described in precisely the words employed" by New Jersey law, New Jersey may still penalize a driver for an out-of-state offense as long as the out-of-state offense was "of a substantially similar nature" to an offense under New Jersey law. N.J.S.A. 39:5D-4(c). We have held that New York's "driving while ability impaired" offense is substantially similar to a New Jersey's "driving while intoxicated" offense. See Zeikel, 423 N.J. Super. at 48-49. In this case, appellant does not contest that his New York conviction was substantially similar to a New Jersey conviction.

Instead, appellant contends that New Jersey lacked authority to suspend his driving privileges. He argues that New Jersey was not appellant's home state under the Compact, because he was a New York resident at the time of the New York offense and a licensed driver in New York at the time of the conviction. However, the Compact does not define "home State" as the state of residence but rather as "the State which has issued and has the power to suspend or revoke the use of the license or permit to operate a motor vehicle." N.J.S.A. 39:5D-2(b)); see also Div. of Motor Vehicles v. Pepe, 379 N.J. Super. 411, 415-16 (App. Div. 2005) (affirming suspension of non-resident's New Jersey driver's

5

license where the driver held license at time of offense); In re Johnson, 226 N.J. Super. 1, 3-6, (App. Div. 1988) (affirming suspension of non-resident's New Jersey driver's license where driver held both New Jersey and New York driver's licenses at time of offense).

Thus, even though appellant was a New York resident at the time of his offense, New Jersey fits within the Compact's definition of a home state because it had issued appellant a driver's license. The fact that appellant obtained a New York driver's license after the New York offense but before the conviction does not deprive New Jersey of its home-state status under the Compact. See Johnson, 226 N.J. Super. at 5-6. Moreover, appellant neither surrendered his New Jersey driver's license nor notified the MVC of his change in residence prior to the offense, as required by N.J.S.A 39:D-5(3) and N.J.S.A. 39:3-36 respectively. See ibid. ("Clearly, appellant's own violation of a requirement that he surrender a driver's license issued by one state before obtaining a license from another state cannot deprive the Director of the authority to suspend his New Jersey license.")

Additionally, the MVC suspended appellant's driver's license pursuant to N.J.S.A. 39:5-30(a), which provides:

> Every registration certificate, every license certificate, [and] every privilege to drive motor vehicles . . . may

6

> be suspended or revoked, and any person may be prohibited from obtaining a driver's license or a registration certificate . . . and the reciprocity privilege of any nonresident may be suspended or revoked by the director for a violation of any of the provisions of this Title or on any other reasonable grounds, after due notice in writing of such proposed suspension, revocation or prohibition and the ground thereto.

This statute "confers expansive authority on the [MVC] to suspend a driver's reciprocity privilege on 'any other reasonable grounds' even if the driver is neither a New Jersey resident nor a New Jersey licensee." Johnson, 226 N.J. Super. at 4 (quoting N.J.S.A. 39:5-30(a)). "This includes the operation of a motor vehicle in another state while impaired by alcohol." Ibid. (citations omitted). "Therefore, appellant's status as a New Jersey licensee provided the requisite authorization for [the MVC] to suspend that license for an alcohol related motor vehicle violation, regardless of whether the violation occurred within New Jersey or whether appellant was a New Jersey resident at the time of the offense." Ibid. (emphasis added) (citation omitted). Accordingly, it is the driver's status as a New Jersey licensee, not resident, that governs the MVC's authority to suspend a driver's license pursuant to N.J.S.A. 39:5-30(a).

In this case, New Jersey issued the driver's license appellant held at the time of the offense and had the power to suspend it. The MVC properly applied the provisions of the Compact to suspend appellant's driver's license pursuant to

7

N.J.S.A. 39:5-30(a). Its final agency decision is supported by sufficient credible evidence in the record and is not arbitrary, capricious, or unreasonable. See Hermann, 192 N.J. at 27-28. The remaining arguments raised by appellant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0781-17T1