**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0374-18T3

IN THE MATTER OF ERICA
DAVIS-SMITH, MERCER
COUNTY DEPARTMENT OF
PUBLIC SAFETY.

_____

Submitted October 22, 2019 – Decided October 29, 2019

Before Judges Accurso and Rose.

On appeal from the New Jersey Civil Service Commission, Docket No. 2013-3349.

Alterman & Associates, LLC, attorneys for appellant Erica Davis-Smith (Stuart J. Alterman and Timothy J. Prol, on the briefs).

Paul R. Adezio, Mercer County Counsel, attorney for respondent Mercer County Department of Public Safety (Paul R. Adezio, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Donna Arons, Assistant Attorney General, of counsel; Beau Charles Wilson, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioner Erica Davis-Smith appeals a final determination of the Civil Service Commission (Commission), adopting an initial decision issued by Administrative Law Judge (ALJ) Jeff S. Masin. The ALJ upheld petitioner's removal from her employment as a correction officer with the Mercer County Department of Public Safety (County). We affirm.

We incorporate by reference the undisputed facts and procedural history set forth in the ALJ's decision. In sum, following petitioner's injury in April 2012, she was referred for a functional capacity examination, which indicated petitioner "demonstrated ability for light[-to]-medium category work, with restrictions on activities." That category of work does not exist for the County's correction officers, who are required to perform "heavy category work with no restrictions."

Within three months, the County's orthopedic surgeon determined petitioner had reached maximum medical improvement (MMI). After issuing the requisite preliminary and final notices of disciplinary action and affording petitioner a "plateau hearing," the County removed petitioner from her position for inability to perform duties, N.J.A.C. 4A:2-2.3(a)(3). Petitioner appealed and the ALJ granted the County's motion for summary decision, finding petitioner

2

"was unable to perform all of the essential requirements" of a Civil Service correction officer.[1]

On appeal, petitioner raises the following points for our consideration:

> POINT I
>
> THE COMMISSION ERRED AS A MATTER OF LAW IN ITS FINAL ADMINISTRATIVE DETERMINATION BY ADOPTING THE ALJ'S GRANT OF SUMMARY DECISION BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT WHICH NECESSITATE A HEARING.
>
> POINT II
>
> THE COMMISSION'S DECISION UPHOLDING [PETITIONER]'S REMOVAL WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE AND WAS NOT SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE IN THE RECORD, THEREFORE THE COMMISSION'S DECISION SHOULD BE REVERSED AND A HEARING ORDERED.
> (Not raised below)

In particular, petitioner claims whether she was at MMI is a genuine issue of fact that entitled her to a hearing.

---

[1] Because petitioner was separated from her position for "her inability to perform her job due to physical injury and not as a result of any conduct or action that is properly worthy of discipline," the Commission changed petitioner's termination to a resignation in good standing.

3

We have considered these contentions in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Pursuant to our limited standard of review, Russo v. Board of Trustees, Police & Firemen's Retirement System, 206 N.J. 14, 27 (2011), we affirm, as did the Commission, substantially for the reasons expressed in the ALJ's comprehensive written decision, which "is supported by sufficient credible evidence on the record as a whole." R. 2:11-3(e)(1)(D).

We simply add whether petitioner was at MMI is not the issue. The single unavoidable fact is that petitioner never demonstrated she was capable of performing "all of the essential requirements" of a correction officer. As ALJ Masin correctly determined, petitioner was never cleared to return to work without restrictions, and she failed to demonstrate that the County's correction center offered anything other than heavy-work positions. Accordingly, the Commission's decision was not arbitrary, capricious, or unreasonable. Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4                                                                A-0374-18T3