**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0733-24

IN RE LICENSE OF
CHRISTINE WILLIAMS.

_____

Submitted January 22, 2026 – Decided April 28, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the New Jersey Department of Human Services, Division of Developmental Disabilities.

Lento Law Group, PC, attorneys for appellant Christine Williams (Lawrence A. Katz, of counsel and on the brief).

Jennifer Davenport, Acting Attorney General, attorney for respondent Department of Human Services, Division of Developmental Disabilities (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Mark D. McNally, Deputy Attorney General, on the brief).

PER CURIAM

Christine Williams appeals from the September 25, 2024 final agency decision of the New Jersey Department of Human Services, Division of

Developmental Disabilities (Division), finding she violated Danielle's Law, N.J.S.A. 30:6D-5.1 to -.6, and imposing a $5,000 fine. We affirm.

The Division conducted an administrative investigation into the events of February 26, 2023, at a group home operated by the Association for the Multiple Impaired Blind, Inc. On that day, while Williams was employed at the group home, a resident "displayed diminished responsiveness to external stimuli when [Williams] repeatedly attempted to awaken her without results." Despite the resident's condition, Williams did not call 9-1-1 or request emergency assistance in response to this life-threatening situation.

After the investigation, the Division sent a notice of violation, dated May 24, 2024, to Williams by both regular and certified mail. The notice informed Williams of the Division's determination she violated N.J.S.A. 30:6D-5.3(a) and N.J.A.C. 10:42A-2.1(a), by failing to act as a "reasonable and prudent person" and immediately call 9-1-1. As this was her first offense, Williams was fined $5,000.

The May 2024 notice also informed Williams she had thirty days to file an appeal with the Assistant Commissioner. The notice included instructions outlining the appeal process and advised if she did not file an appeal within this timeframe, the Division's determination would become final.

A-0733-24

On July 23, 2024, a process server attempted to personally serve the notice of violation on Williams at her last known address. However, an individual at the residence informed the process server Williams no longer resided at that address. In response, the Division requested Williams's current driver license information from the New Jersey Motor Vehicle Commission (MVC). Shortly thereafter, Williams was terminated. The Certification of Driver License/Registration dated August 13, 2024, confirmed Williams still resided at the address.

The Division issued its final agency decision on September 25, 2024, and sent it to Williams via email, certified, and regular mail. None of these communications were returned. The notice informed Williams the deadline to appeal had passed and the Division's determination had become final. She was also advised the matter would be referred to the Attorney General for collection of the fine, and she had forty-five days to appeal.

The scope of appellate review of an administrative agency's final determination is limited. Parsells v. Bd. of Educ. of Somerville, 254 N.J. 152, 162 (2023). "[A]n agency's findings of fact 'are considered binding on appeal when supported by adequate, substantial[,] and credible evidence'" in the record.

Donnerstag v. Borawski, 481 N.J. Super. 311, 322 (App. Div. 2025) (quoting Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 164 (2004)).

"The burden of demonstrating that the agency's action was arbitrary, capricious[,] or unreasonable rests upon the [party] challenging the administrative action." J.B. v. N.J. State Parole Bd., 444 N.J. Super. 115, 149 (App. Div. 2016) (second alteration in original) (quoting In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006)). "It is settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001) (alteration in original) (quoting In re Appeal of Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)).

Recently, our Supreme Court has recognized New Jersey courts have not always applied a consistent standard of review "to an agency's interpretation of a statute it is charged with enforcing." In re P.T. Jibsail Fam. Ltd. P'ship, ____ N.J. ____, ____ (March 18, 2026) (slip op. at 11). The Court, however, declined to apply the reasoning of Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 413 (2024), in which the federal courts "may not defer" to a federal agency's interpretation of a statute it is charged with enforcing. Id. at ____ (slip op. at

4

12).  Nonetheless, "we are not bound by the agency's interpretation."  In re Ridgefield Park Bd. of Educ., 244 N.J. 1, 17 (2020) (quoting Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014)).  Therefore, we review strictly legal questions de novo.  Bowser v. Bd. of Trs., Police & Firemen's Ret. Sys., 455 N.J. Super. 165, 170-71 (App. Div. 2018).

Governed by these standards, we reject Williams's argument the Division erred in issuing a final agency decision without taking testimony to determine whether "extraordinary circumstances" excused her failure to file a timely appeal.  She broadly asserts she contacted several attorneys but did not retain counsel until the appeal was due, which occurred after she received the final decision.  Williams contends Rule 2:4-4(a), which allows a late appeal upon "a showing of good cause and the absence of prejudice," should also apply to administrative appeals.

The overarching purpose of Danielle's Law is to protect individuals with development disabilities or traumatic brain injuries by ensuring life-threatening emergencies are promptly addressed, and facilities and agencies comply with the statutory mandate.  In particular, N.J.S.A. 30:6D-5.3(a) imposes a duty on staff members at facilities for persons with developmental disabilities or traumatic brain injuries, or staff of public or private agencies working with such

5

individuals, to call 9-1-1 in the event of a life-threatening emergency. The corollary administrative regulation, N.J.A.C. 10:42A-2.1(a), likewise imposes a duty on all staff to call 9-1-1 when "immediate intervention is necessary to protect the life of a person receiving services at a facility for persons with developmental disabilities or traumatic brain injury, . . . from an immediate threat or actual occurrence of a potentially fatal injury, impairment to bodily functions, or dysfunction of a bodily organ. . . ."

Neither the applicable statute nor its regulation provide for an employee interview or extension of the thirty-day deadline based on good cause. However, due process principles require the agency to afford such an opportunity to an individual. See Rivera v. Bd. of Rev., 127 N.J. 578, 583 (1992); Garzon v. Bd. of Rev., 370 N.J. Super. 1, 5-6 (App. Div. 2004).

When a person subject to the agency determination misses the deadline "[t]hrough no fault of [their] own," a good cause exception may be made even when none exists in the text of the statute or regulations. Rivera, 127 N.J. at 587; see also Garzon, 370 N.J. Super. at 2-3. Due process requires that a "citizen facing a loss at the hands of the State must be given a real chance to present [their] side of the case before a government decision becomes final." Rivera, 127 N.J. at 583.

A-0733-24

Williams's claim she spent "months" searching for an attorney does not constitute good cause for an extension, as the delay was not attributable to circumstances beyond her control. She does not identify any such circumstances. Instead, Williams cites an unpublished opinion in support of her position. However, unpublished decisions are not binding authority, and we do not rely on them in our analysis. See Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 1:36-3 (2026). Accordingly, the Division's final agency decision was not arbitrary, capricious, or unreasonable and is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D).

To the extent we have not addressed them, all other issues raised on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

7