**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5284-17T4

JOHN ARIAS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Argued October 3, 2019 – Decided October 25, 2019

Before Judges Fisher, Gilson, and Rose.

On appeal from the New Jersey Department of Corrections.

Tess Meiling Borden argued the cause for appellant (American Civil Liberties Union of New Jersey Foundation, attorneys; Tess Meiling Borden, Jeanne M. LoCicero, and Alexander R. Shalom, on the briefs).

Suzanne Marie Davies, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jane C. Schuster, Assistant Attorney General, of counsel; Suzanne M. Davies, on the brief).

PER CURIAM

John Arias, an inmate in state prison, appeals from a final determination of the New Jersey Department of Corrections (Department), which upheld a finding of guilt and sanctions imposed for the prohibited act of "lying, providing a false statement to a staff member," in violation of N.J.A.C. 10A:4-4.1(a)(4)(v). Arias was found guilty of making false allegations in a grievance he filed. We reverse because there was no substantial credible evidence in the record identifying the specific lie or false statements made or supporting the conclusion that the statements were false or lies. Instead, the record only shows that the Department concluded that the allegations made by Arias were not substantiated.

I.

The discipline charges arose out of an inmate grievance. We take the facts from the written record, noting that no witnesses testified at the disciplinary hearing.

On May 14, 2018, Arias submitted an inmate grievance that requested he be reassigned to another housing unit based on alleged "threats, harassment, verbal abuse, [and] illegal retaliation" by two corrections officers (the May 14 Grievance). The May 14 Grievance referenced an earlier grievance Arias had filed, which also sought a housing unit reassignment. The May 14 Grievance

2

also alleged that Arias had previously reported a safety concern based on "racist[] comments" made by the two officers. In total, the May 14 Grievance stated:

> I was told I will be moved to another Unit after I reported safety concerns in Unit 3DD. And as of this date I am still waiting to be moved.
>
> Please see my Inquiry #719915 in which I was given a response that I will be moved to another Unit, after I reported my safety issue in Unit 3DD including racist[] comments by [two] officers [].
>
> Today the problems have gotten worse and on a daily basis they include threats, harassment, verbal abuse, illegal retaliation, being denied law library and phone calls by these [two] officers.
>
> Please remove me from the custody of these officers by moving me to a different housing Unit and under the custody of different officers, where [the two officers] do not work and CANNOT carry out their threats. Most importantly, I request to be moved to a unit where my safety is not threatened by abusive officers.
>
> Thank you for your prompt solution and response.

The May 14 Grievance was forwarded to the Special Investigations Division (SID). Two SID officers then interviewed Arias and video recorded that interview. SID also prepared a report concerning its investigation. SID concluded that Arias could not identify any specific racist comments made by the officers. SID also concluded that Arias had failed to provide any valid

examples of misconduct or any allegations that could be investigated. Accordingly, SID decided it did not need to interview the two officers or anyone else. Finally, SID decided to charge Arias with prohibited act *.704, "perpetrating frauds, . . . [.]" N.J.A.C. 10A:4-4.1(a)(2)(xxxiv).

On May 17, 2018, Arias was served with a disciplinary report charging him with perpetrating a fraud. The infraction was described as: "An investigation determined that inmate Arias submitted numerous grievances which contained false allegations in an attempt to manipulate his housing assignment."

On May 21, 2018, a hearing officer conducted a disciplinary hearing. No witnesses testified at the hearing. Instead, the hearing officer reviewed documents and materials, which included the May 14 Grievance, the SID report, and the video of the interview of Arias by the SID officers. The latter two pieces of evidence were deemed confidential and they were not shown or provided to Arias.[1]

Arias appeared at the hearing with counsel substitute. The hearing officer reported that the only statement made by Arias was: "I did not lie. I only wrote

---

[1] While this appeal was pending, counsel for Arias and the Department agreed that the SID report and the video were not confidential and those materials have been filed as part of the record in this matter.

A-5284-17T4

a grievance." Arias also requested that four inmates be called to testify as witnesses, but all of those potential witnesses declined to give a statement or testify.

The hearing officer amended the charges against Arias to be a violation of prohibited act .305, lying, providing a false statement to staff. Thereafter, the hearing officer found Arias guilty of that amended charge. In explaining that finding, the hearing officer stated:

> Upon investigation by SID, it was determined [inmate] grievances . . . contained false allegations in an attempt to manipulate his housing. [U]pon review of all evidence provided, [hearing officer] believes [prohibited act] 305 is more appropriate [and] amended. [Inmate] plead no plea. The [witnesses] he requested did not assist him ([s]ee D1-D4). He did not wish to provide/request anything further to support his claim or discredit staff reports. All relied on to determine guilt.

Arias was then sanctioned to forty days loss of commutation time, thirty days administrative segregation (suspended for sixty days), thirty days suspension of JPay (email only), and fifteen days loss of recreational privileges.

Arias administratively appealed. On June 5, 2018, the Department, acting through an assistant superintendent, upheld the disciplinary finding of guilt and the sanctions imposed. In rendering the final agency decision, the Department stated:

> My review of this issue reveals that there was compliance with the New Jersey Administrative Code on inmate discipline which prescribes procedural safeguards. The charges were adjudicated according[] to the code. The preponderance of evidence presented supports the guilty decision of the hearing officer.

## II.

On this appeal, Arias makes three arguments. First, he contends that there was no substantial credible evidence that he lied or provided false statements. Second, he argues that the disciplinary decision violates his constitutional right to petition the government. Finally, he alleges that his constitutional due process rights were violated because he was not given access to the confidential evidence. We need only reach the first argument, because the record does not contain substantial credible evidence that Arias lied or provided false statements to staff.

Our review of agency action is limited. "An appellate court ordinarily will reverse the decision of an administrative agency only when the agency's decision is 'arbitrary, capricious or unreasonable or [] is not supported by substantial credible evidence in the record as a whole.'" Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). Furthermore, "[i]t is settled that '[a]n administrative agency's interpretation of statutes and

6

regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001) (second alteration in original) (quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)). The Department is given broad discretion in matters regarding the administration of a prison facility, including disciplinary infractions by prisoners. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999).

The regulations governing inmate disciplinary proceedings state: "[a] finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). Substantial evidence is "such evidence [that] a reasonable mind might accept as adequate to support a conclusion." In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961) (citations omitted). In other words, it is "'evidence furnishing a reasonable basis for the agency's action.'" Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)).

Here, there was no substantial credible evidence in the record that Arias lied or provided a false statement to staff. Neither the Department nor the

hearing officer identified the specific statement made by Arias that was deemed to be a lie or false. More importantly, neither the Department nor the hearing officer made an independent determination that Arias lied or provided a false statement. Instead, a review of the record establishes that the Department relied on the hearing officer and the hearing officer in turn relied on the conclusion by SID. Significantly, the hearing officer did not hear testimony from anyone from SID. Instead, the hearing officer relied on the SID report and the video interview.

We fully appreciate the Department's concern regarding inmates who make false allegations against staff. The procedures for imposing discipline, however, are well established. The initial burden is on the Department to show substantial credible evidence that a prohibited act has taken place. See N.J.A.C. 10A:4-9.15(a); see also Figueroa, 414 N.J. Super. at 188 (recognizing that the Department bears the burden of persuasion to sustain a charge of prohibited acts). The hearing officer and the Department never made a credibility finding concerning any statement made by Arias. Instead, the hearing officer and the Department improperly shifted the burden to Arias with the hearing officer reasoning that Arias offered no evidence to contradict the "staff reports."

Just as importantly, the SID report did not identify a specific statement

8

made by Arias that was deemed to be a lie or false. Instead, it found that Arias had not substantiated his allegations. That Arias did not substantiate the allegations in his grievance does not automatically lead to the conclusion that he lied. Lying or providing a false statement is an intentional act. The Department was required to show substantial credible evidence that there was an intentional lie or false statement. Here, the Department failed to make that showing. Accordingly, the finding of guilt of prohibited act .305 is vacated and the loss of forty days commutation time is to be restored.

Reversed and vacated. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5284-17T4