**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5285-17T1

IN THE MATTER OF THOMAS
GILLEN, JR., SHERIFF'S OFFICER
SERGEANT (PC2608V), HUDSON
COUNTY SHERIFF.

_____

Submitted November 18, 2019 – Decided December 3, 2019

Before Judges Sabatino and Sumners.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-1894.

C. Elston & Associates, LLC, attorneys for appellant Thomas Gillen, Jr. (Catherine Mary Elston, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Donna Sue Arons, Assistant Attorney General, of counsel; George Norman Cohen, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Thomas Gillen, Jr., a sheriff's officer employed by Hudson County, seeks reversal of the June 8, 2018 final agency decision of the Civil

Service Commission ("the CSC"), which declared him ineligible to take a promotional examination for the title of sergeant. The CSC found appellant ineligible to sit for the examination because he failed to have three continuous years of permanent service in his position, as required by N.J.A.C. 4A:4-2.6(b). We affirm.

The pertinent facts and procedural history from the administrative record are as follows.

From February 1997 until July 2002, appellant was employed as a sheriff's officer with the Hudson County Sheriff's Office. ("HSCO"). In July 2002, he resigned from the HSCO in good standing and joined the New Jersey Transit Police Department.

In 2007, appellant filed an application with the CSC to be reemployed by the HSCO in his former position. The CSC denied the request. It noted that under the then-existing terms of N.J.S.A. 11A:4-9, sheriff's officers were only eligible to be placed on a potential reemployment list within three years of their departure. Appellant's application came after the expiration of that three-year eligibility period (i.e., after July 2005), and consequently was rejected.

In 2010, appellant filed a second application with the CSC requesting to be readmitted to the HSCO as a sheriff's officer. He relied upon essentially the same eligibility arguments, which the CSC again denied.

In or around February 2011, appellant rejoined the HSCO as a sheriff's investigator, an unclassified position.[1]

In February 2015, the Legislature enacted P.L. 2015, c. 17, which amended N.J.S.A. 11A:4-9. The amendment permits the CSC to create reemployment lists for sheriff's officers of unlimited duration, thereby abolishing the former three-year limitation. The CSC subsequently amended its own regulations, in like manner, to create sheriff's officer lists of unlimited duration.

In March 2015, appellant requested his name be placed on a newly created sheriff's officer reemployment list. He requested retroactive seniority stretching back to 2007, the year when he first had sought reemployment in that title. The HSCO supported appellant's request.

The CSC approved appellant's 2015 application in part, granting him permanent appointment from the reemployment list for sheriff's officer,

---

[1] Unclassified positions are not subject to "[t]he permanent appointment rights" of career service positions like sheriff's officer. N.J.A.C. 4A:4-1.3.

effective March 30, 2015. The CSC's ruling implicitly rejected appellant's request that the effective date of appointment begin earlier in 2007. The record contains no indication that appellant pursued appellate review of that ruling.

In 2017, the CSC announced a promotional examination for the title of "Sheriff's Officer Sergeant." The exam had a closing date of November 21, 2017. The exam was open only to sheriff's officers who are qualified pursuant to N.J.A.C. 4A:4-2.6(b), which requires that "applicants for promotion from entry level law enforcement or firefighter titles shall have three years of continuous permanent service in a title to which the examination is open, except as otherwise provided by law."[2] (Emphasis added). Appellant applied to take the exam.

On December 20, 2017, the CSC's Division of Agency Services notified appellant that he was ineligible to sit for the exam because he did not have the required three continuous years of permanent employment in the position of sheriff's officer at the time of the exam's closing date. Appellant administratively appealed that decision in January 2018.

---

[2] N.J.A.C. 4A:4-2.6(b) was enacted pursuant to N.J.S.A. 11A:4-14, which empowers the CSC to "establish the minimum qualifications for promotion." Appellant is not contesting the meaning or application of this regulation.

On June 8, 2018, the CSC denied appellant's request in a written decision. The CSC found appellant had been a continuous permanent employee as a sheriff's officer from March 30, 2015 until the exam closing date of November 21, 2017—a period of only two years, seven months and twenty-two days, and therefore less than the three required years.

The present appeal ensued. While the appeal was pending, appellant moved to supplement the record to include a certification from a legislator identified as a sponsor of the amendment to N.J.S.A. 11A:4-9. That motion was denied.

Appellant argues that the CSC's final agency decision misapplies the pertinent statutes and regulations and is arbitrary and capricious. Specifically, he contends that he has accumulated the required three years of continuous service as a sheriff's officer by virtue of the adoption of the 2015 amendments to N.J.S.A. 11A:4-9. The CSC rejected this legal argument, and so do we.

Consistent with our judicial review of other administrative appeals, our courts commonly have applied deference when reviewing decisions of the CSC, or of its predecessor agencies that have administered the civil service laws. See, e.g., Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562, 578 (1963); Falcey v. Civil Serv. Comm'n, 16 N.J. 117, 125 (1954); In the Matter of Sheriff's Officer,

226 N.J. Super. 17, 21-22 (App. Div. 1988). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

In addition, "[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to . . . deference." Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001) (alteration in original) (quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)). Nonetheless, despite that general deference to the agency's interpretations, this court is not bound by them. In re N.J.A.C. 7:1B-1.1 et seq., 431 N.J. Super 100, 114 (App. Div. 2013). Indeed, "[w]hile we must defer to the agency's expertise, we need not surrender to it." N.J. Chapter of Nat'l. Ass'n of Indus. and Office Parks v. N.J. Dep't of Envt'l Prot., 241 N.J. Super. 145, 165 (App. Div. 1990). We do not automatically accept an agency's interpretation of a statute or a regulation, but review purely legal questions de novo. Bowser v. Bd. of Trs., Police & Fireman's Ret. Sys., 455 N.J. Super. 165, 170-71 (App. Div. 2018).

The key statute in this case, N.J.S.A. 11A:4-9, as amended in 2015, states in relevant part as follows:

6

The [CSC] may establish the following types of eligible [reemployment] lists:

. . . .

c. Regular reemployment, which shall include former permanent employees who resigned in good standing and whose reemployment is certified by the appointing authority as in the best interest of the service. The name of any such employee shall not remain on a reemployment list for more than three years from the date of resignation, unless otherwise extended pursuant to N.J.S.11A:4-6;

d. Police, sheriff's officer, or fire reemployment, which shall include former permanent uniformed members of a police department, sheriff's office, or fire department who have resigned in good standing and whose reemployment is certified by the appointing authority as in the best interest of the service . . . .

[N.J.S.A. 11A:4-9 (emphasis added).]

The accompanying Senate Committee Statement clarifies that lists for police, sheriff's officers, and fire reemployment under N.J.S.A. 11A:4-9(d) are for "unlimited duration," unlike the regular reemployment lists in subsection (c), which expire after three years. S. Law & Public Safety Comm. Statement to A. 3391 (Dec. 11, 2014) ("Committee Statement"). That concept has been subsequently codified in the regulatory scheme in N.J.A.C. 4A:4-3.3(b)(3), which creates sheriff's reemployment lists of unlimited duration. The

Legislature specifically made the amendment retroactive to January 1, 2002. Committee Statement.

As the CSC correctly states, the plain language of N.J.S.A. 11A:4-9 "only speaks to [the] agency's discretion to establish sheriff's officer reemployment lists and who may be included on such lists." It does "not provide for [Gillen's] requested relief, i.e., an award of permanent status made retroactive to any date." In sum, N.J.S.A. 11A:4-9, even as amended, does not govern the existing requirements for exam eligibility.

Appellant contends the 2015 amendment requires employees to "become reemployed" in their former positions retroactive to 2002. That contention is unsupported by the plain language of the statute. The statute only refers to the power of the CSC to establish certain types of reemployment lists. Placement on a regular reemployment list, as the name suggests, does not automatically mean a person is immediately rehired into a prior position. As the CSC regulations illustrate, such eventual reemployment may hinge on a variety of factors, such as whether a job title is subject to other, higher priority reemployment lists, see N.J.A.C. 4A:4-3.7, and whether an eligible individual commits disqualifying offenses while on the list. N.J.A.C. 4A:4-6.1.

The retroactivity provision within the amended statute does not bolster appellant's argument. It merely signifies that "any permanent sheriff's officer who resigned in good standing on or after January 1, 2002 may request that his or her name be placed on a sheriff's officer reemployment list." Hence, sheriff's officers who had previously only been entitled to placement on reemployment lists within three years of resigning are now eligible to seek reemployment at any time. Sheriff's officers who had resigned after January 2002 and whose eligibility had lapsed regain the opportunity to be placed on a reemployment list. The statute confers no greater rights than that.[3]

Appellant has already benefited from the amended statute as it was intended to operate. He tried to rejoin the HSCO as a sheriff's officer in 2007 and again in 2011. Because sheriff's officers were at that time (before the amendment to N.J.S.A. 11A:4-9) only deemed to be eligible for three-year

---

[3] Although this court has already rejected appellant's efforts to admit a certification by one of the original sponsors of the amendment that would presumably support his interpretation, it should be noted that such a certification does not help appellant. The after-the-fact views of an individual legislator as to the meaning of a law carry little weight. See Tasca v. Bd. of Trustees, Police & Firemen's Ret. Sys., 458 N.J. Super. 47, 56 (App. Div. 2019) (quoting Tumpson v. Farina, 218 N.J. 450, (2014)) ("We will not presume that the Legislature intended a result different from what is indicated by the plain language or add a qualification to a statute that the Legislature chose to omit.").

limited reemployment lists, and his application came more than three years after his 2002 resignation, he was denied each time. The HSCO ultimately rehired him in a non-permanent (i.e., non-career service) role. Following the 2015 amendments, appellant again requested to be placed on a sheriff's officer reemployment list. Pursuant to the amended statute and subsequent regulations, he was duly placed on the list and ultimately rehired as a sheriff's officer. This was precisely the outcome the amended statute was intended to achieve.

Appellant's arguments are also inconsistent with the applicable regulations. The CSC's regulation explicitly permitting sheriff's officer reemployment lists of unlimited duration clearly implements the amended statute as described in the Committee Statement. The regulations also reflect a difference between being placed on a reemployment list and actually becoming reemployed. Since no current sheriff's officers can be displaced by former officers who are newly eligible to be placed on the employment list, this demonstrates that there is no automatic right to be reinstated in a prior position, but merely a right to be placed on the reemployment list and become eligible for future rehiring in the event a position becomes available. N.J.A.C. 4A:4-3.1.

Appellant contends the CSC's decision is contrary to another CSC regulation, N.J.A.C. 4A:4-7.10(d), which states that "[s]eniority commences as

of the date of regular reemployment." He argues this section, when read "in conjunction with the express language of the statute and its retroactive provision compels no other conclusion than that [he] enjoys seniority in his permanent title retroactive to 2011 when he became reemployed with HSCO." We disagree.

N.J.A.C. 4A:4-7.10 gives effect to the terms of the statute, N.J.S.A. 11A:4-9, by clarifying the procedure for how an employee "may request consideration for reemployment" through a reemployment list. N.J.A.C. 4A:4-7.10(a). Once an employee has been placed on a "regular reemployment list," and is subsequently rehired off of the list, only then does their seniority commence. N.J.A.C. 4A:4-7.10(d). Contrary to appellant's assertions, N.J.A.C. 4A:4-7.10 clearly shows the rights and benefits in a title only "commence" after a person has been placed on a reemployment list and subsequently rehired. Gillen's rights as a permanent sheriff's officer, such as accrued seniority, would not, and did not, commence until after he was rehired into a permanent position off of an established reemployment list.

To summarize, the CSC's decision is consistent with its own regulations and with N.J.S.A. 11A:4-9. Hence, appellant's contrary position is unpersuasive. We affirm the agency decision as legally sound.

To the extent appellant has presented other arguments, they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5285-17T1