**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2191-17T3

ARCHIE M. HICKOX,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 29, 2019 – Decided December 13, 2019

Before Judges Yannotti and Currier.

On appeal from the New Jersey Department of Corrections.

Archie Hickox, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Michael Ezra Vomacka, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Archie Hickox, an inmate, appeals from a decision of the New Jersey Department of Corrections (DOC) denying his reclassification request from gang minimum custody status to full minimum custody status. The DOC denied the reclassification because of the severe nature and violence of his offense; after striking his victim, appellant strangled him manually and with a belt, and buried him.

Appellant argues on appeal that the DOC violated his right to due process and its decision was not in accordance with administrative regulations. Appellant also challenges the DOC's articulation of the reasons for the decision. We affirm.

Appellant is serving a twenty-three-year sentence after his conviction on first-degree aggravated manslaughter in 2001. In 2017, he requested to change his classification from gang minimum custody status to full minimum custody status. After a review by the prison's institutional classification committee (ICC), the ICC voted to deny the reclassification. The ICC members advised their denial was due to the extreme violent nature of appellant's offense. Appellant was informed he could re-apply in a year or submit a transfer request to another institution.[1]

---

[1] Appellant's release date is March 30, 2020.

A-2191-17T3

We have "a limited role in reviewing a decision of a state administrative agency."  Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980).  We will sustain the decision of an administrative agency "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record."  In re Herrmann, 192 N.J. 19, 27-28 (2007) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).  Furthermore, "[i]t is settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'"  Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001) (quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)).

The classification of prisoners and decisions on custody status rests solely within the discretion of the DOC.  See, e.g., N.J.S.A. 30:1B-6, -9, 30:4-91.1 to -91.3; see also Smith v. N.J. Dep't of Corr., 346 N.J. Super. 24, 30 (App. Div. 2001) (citations omitted).  Inmates in correctional facilities do not have a constitutionally protected liberty interest in a reduced custody status.  Smith, 346 N.J. Super. at 29.  Indeed, "a reduction in custody status is a matter of privilege, not of right."  Id. at 30 (citing N.J.A.C. 10A:9-4.2).

A-2191-17T3

The ICCs are charged with the assignment and reassignment of inmates to specific custody levels. There are six categories of custody status within the DOC: close custody, maximum custody, medium custody, gang minimum custody, full minimum custody, and community custody. N.J.A.C. 10A:9-4.1(a).

Here, appellant sought reclassification from gang minimum to full minimum. Inmates classified as gang minimum custody remain on the grounds of the facility and under supervision. N.J.A.C. 10A:9-4.3(d). In contrast, those classified as full minimum custody may be assigned to "[w]ork details, jobs or programs outside the main correctional facility, . . . with minimal supervision . . . ." N.J.A.C. 10A:9-4.3(e)(1).

The ICC does not have "unbridled discretion" in assigning a particular custody level. Smith, 346 N.J. Super. at 33. When deciding whether to reduce an inmate's custody status, the ICC must take into consideration all relevant factors. N.J.A.C. 10A:9-4.5(a). Those factors include:

> 1. Field account of the present offense;
>
> 2. Prior criminal record;
>
> 3. Previous incarcerations;
>
> 4. Correctional facility adjustment;

5. Residential community program adjustment;

6. The objective classification score;

7. Reports from professional and custody staff;

8. A conviction for a present or prior offense that resulted in a life sentence; and

9. <u>Any reason which</u>, in the opinion of the Administrator and the [ICC], <u>relates to the best interests of the inmate or the safe, orderly operation of the correctional facility or the safety of the community or public at large</u>.

[<u>Ibid.</u> (emphasis added).]

Additionally, the ICC may consider the "[n]ature and circumstance of [an inmate's] present offense" when determining custody status. N.J.A.C. 10A:9-3.3(a)(11).

The ICC denied appellant's request based on the field account, or circumstances, of his present offense and his criminal record. In doing so, the ICC acted within its authority and in accordance with N.J.A.C. 10A:9-4.5(a) and -4.8. The ICC fully considered appellant's application; he was accorded his full due process rights.

Appellant further challenges the ICC's articulation of the reasons for the denial, claiming it mischaracterized his conduct while in the custody of the

DOC, because he has never exhibited any violent behavior while in prison. We see no merit to this contention.

The record clearly shows the ICC's finding was not based on appellant's institutional adjustment, his behavior while in prison, but instead was based on his criminal record and the field account of the offense for which he was convicted. See N.J.A.C. 10A:9-4.5(a)(1) to (2), (4).

The DOC's denial was properly based on the violent nature of appellant's underlying offense under N.J.A.C. 10A:9-3.3(a) and -4.5(a). We are satisfied the DOC's determination was supported by the credible evidence in the record and was not arbitrary or capricious.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2191-17T3