**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3115-17T4

MARY LOU FORSELL,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION AND
ANNUITY FUND,

    Respondent-Respondent.

_____

Submitted February 25, 2019 – Decided March 20, 2019

Before Judges Messano and Rose.

On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of the Treasury, TPAF No. 1-447554.

Bergman & Barrett, attorneys for appellant (Michael T. Barrett, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Melissa Bayly, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Mary Lou Forsell appeals from a February 2, 2018 final agency decision of the Board of Trustees (Board) of the Teachers' Pension and Annuity Fund (TPAF), denying her application for deferred retirement benefits. We affirm.

Because the facts pertinent to the Board's decision are wholly undisputed and set forth in its cogent written decision, we will not discuss the evidence in detail. In sum, petitioner was enrolled in the TPAF in 1994, when she initially was hired as a teacher by the Montgomery Township Board of Education. Thereafter, she was transferred to the West Windsor-Plainsboro Regional School District (Regional School District), where she worked as a computer teacher.

In 2011, the Regional School District's board of education filed disciplinary charges against petitioner, contending she had "permitted or otherwise allowed inappropriate photographs to be displayed in her classroom[,]" publically discussed a student's financial circumstances, and made disparaging remarks about special education students. The matter was referred to an administrative law judge (ALJ). Nine witnesses, including petitioner, testified at the three-day hearing, and the parties entered numerous documents

into evidence. Following the hearing, the ALJ determined the Regional School District established charges of unbecoming conduct, failure to respect students' privacy rights and lack of professionalism. The ALJ recommended petitioner's removal. On January 9, 2012, the Commissioner of Education (Commissioner) adopted the ALJ's recommendation. Consequently, she was removed from her tenured teaching position on January 13, 2012. Petitioner did not appeal the Commissioner's decision.[1]

On October 17, 2016, petitioner applied for a retirement allowance. Because she had amassed seventeen years and one month of service with the TPAF system, but was less than sixty years old, petitioner applied for deferred retirement benefits pursuant to N.J.S.A. 18A:66-36.[2] The matter was referred

---

[1] On July 25, 2013, the State Board of Examiners suspended petitioner's teaching certificates for two years, which was affirmed by the Commissioner on March 5, 2014. Petitioner did not appeal the Commissioner's decision.

[2] Pertinent to this appeal, N.J.S.A. 18A:66-36(b) provides (emphasis added):

> Should a member of the [TPAF], after having completed 10 years of service, be separated . . . involuntarily from the service, before reaching service retirement age, and not by removal for conduct unbecoming a teacher or other just cause . . . such person may elect to receive, in lieu of the payment . . . [a] deferred retirement allowance beginning at age 60.

to the Board, which ruled petitioner was statutorily ineligible for deferred retirement benefits because she had been "removed for cause directly related to her employment." Petitioner then requested an administrative hearing. Concluding there were "no issues of fact to be adduced at a hearing" and the issue entailed "a purely legal question[,]" the Board denied petitioner's request in its February 2, 2018 written decision. This appeal followed.

On appeal, raises the following points for our consideration:

POINT ONE

IMPOSING FORFEITURE IN THIS CASE IS EXCESSIVE AND UNFAIR.

POINT TWO

N.J.S.A. 18A: 66-36 AS APPLIED IN THIS CASE IS UNCONSTITUTIONAL BECAUSE IT SIGNIFICANTLY IMPACTS [PETITIONER]'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Pursuant to our "limited" standard of review, Russo v. Board of Trustees, Police & Firemen's Retirement Systems, 206 N.J. 14, 27 (2011), we affirm substantially for the reasons expressed in the Board's comprehensive written decision, which "is supported

4

by sufficient credible evidence on the record as a whole." R. 2:11-3(e)(1)(D). In doing so, we determine the Board's decision was not arbitrary, capricious, or unreasonable. Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001). We add only the following comments.

In essence, petitioner challenges the Commissioner's January 9, 2012 determination terminating her from her tenured teaching position. Specifically, she contends her conduct "does not constitute 'unbecoming conduct'" and, as such, "forfeiture is not a mandatory penalty." Petitioner's argument is procedurally and substantively flawed.

Petitioner was afforded a full hearing for the disciplinary charges before the ALJ, during which she testified and moved numerous exhibits into evidence. Petitioner did not appeal the Commissioner's decision affirming the ALJ's decision. Therefore, because the issue is not properly before us, and we lack jurisdiction to review it, we need not address it. See State v. Rambo, 401 N.J. Super. 506, 520 (App. Div. 2008) ("It is a fundamental of appellate practice that we only have jurisdiction to review orders that have been appealed to us."); see also 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) ("[O]nly the judgment or orders designated in the notice of appeal . . . are subject to the appeal process and review . . . .").

Nonetheless, we have considered petitioner's claim and agree with the Board that she is collaterally estopped from relitigating the conduct unbecoming determination. The doctrine of collateral estoppel "bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action." In re Liquidation of Integrity Ins. Co., 214 N.J. 51, 66 (2013). Our Supreme Court has enunciated a five-part test to determine whether the doctrine applies:

> the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> [In re Estate of Dawson, 136 N.J. 1, 20 (1994) (citations omitted).]

Pertinent to this appeal, "[a]dministrative tribunals can and do provide a full and fair opportunity for litigation of an issue, and their judgments on identical issues may form the basis for application of the doctrine of collateral estoppel so long as they are rendered in proceedings which merit such deference." Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 87 (2012) (citations and internal quotation marks omitted). "Thus, our courts will accord

A-3115-17T4

administrative rulings that otherwise satisfy collateral estoppel standards preclusive effect if the proceedings provide 'significant procedural and substantive safeguards,' similar to those that are provided to litigants in courts of law." Ibid. (quoting Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 524 (2006)).

Here, all five Dawson factors were satisfied: (1) the conduct unbecoming issue was decided in the tenure proceedings; (2) the issue was actually litigated and (3) decided on the merits in those proceedings; (4) such determination was the sole reason for petitioner's removal from her tenured position; and (5) petitioner was, of course, the same party in the tenure proceedings. See 136 N.J. at 20. As noted, petitioner was afforded a full and fair hearing before the ALJ, where she and multiple witnesses testified and several exhibits were admitted in evidence. Accordingly, petitioner is estopped from rearguing her conduct unbecoming finding before us.

Little needs to be said about petitioner's two constitutional challenges to N.J.S.A. 18:66-36. Indeed, her equal protection argument, that other pension applicants have done far worse misdeeds yet still retained their pension benefits, is factually and legally unsupported and requires no comment from us.

Secondly, petitioner's due process claim, that she was punished more harshly for electing to challenge her removal, is misplaced. To support her contention, petitioner cites two Federal criminal cases: Bordenkircher v. Hayes, 434 U.S. 357 (1978), and United States v. Mazzaferro, 865 F.2d 450 (1st Cir. 1989), both of which determined whether a defendant was punished more harshly for rejecting a plea bargain and electing to proceed to trial.

Here, however, petitioner was not removed because she elected to challenge the Regional School District's charges, but rather because she did not prevail before the ALJ. We agree with the Board that the plain language of N.J.S.A. 18A:66-36 "precludes [TPAF] members who have been removed for conduct unbecoming from collecting deferred retirement benefits irrespective of whether they chose to litigate their tenure cases." Had petitioner succeeded before the ALJ, she would not have been disqualified for benefits under the statute. Accordingly, petitioner's forfeiture of her pension rights does not rise to a due process violation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION