**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0984-20

IN THE MATTER OF PETITION
TO REPEAL RULES
PERMITTING BLACK BEAR
HUNTING INCLUDING THE
COMPREHENSIVE BLACK
BEAR MANAGEMENT POLICY,
N.J.A.C. 7:25-5.6 AND 5.24.

_____

Argued March 30, 2022 – Decided June 22, 2022

Before Judges Gooden Brown and Gummer.

On appeal from the New Jersey Department of Environmental Protection.

Doris Lin argued the cause for appellants Robert Torricelli, Animal Protection League of New Jersey, Angela Metler, The League of Humane Voters of New Jersey and Susan Russell.

Cristin D. Mustillo, Deputy Attorney General, argued the cause for respondent New Jersey Department of Environmental Protection (Matthew J. Platkin, Acting Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel; Cristin D. Mustillo, on the brief).

PER CURIAM

Appellants Robert Torricelli, the Animal Protection League of New Jersey, and The League of Humane Voters of New Jersey, among others, petitioned the Department of Environmental Protection (DEP) to repeal certain rules permitting black bear hunting, specifically N.J.A.C. 7:25-5.6 and -5.24, and the Comprehensive Black Bear (Ursus americanus) Management Policy, N.J.A.C. 7:25-5.6 (App.) (2020) (Policy).[1] Because petitioners sought the repeal of portions of the Game Code, N.J.A.C. 7:25-5 to -5.39, the DEP concluded the petition should have been submitted to the Fish and Game Council (Council), not the DEP, and denied it on that procedural ground. Appellants appeal that denial. We agree with the DEP and affirm.

I.

---

[1] The original petitioners were Robert Torricelli, The Lesniak Institute for American Leadership (Lesniak Institute), the Animal Protection League of New Jersey, The Humane Society of the United States, The League of Humane Voters of New Jersey, and the Animal Legal Defense Fund. The New Jersey Sierra Club was added as a petitioner in an amended petition. The Lesniak Institute, The Humane Society of the United States, the Animal Defense Fund, and the New Jersey Sierra Club were not listed in the notice of appeal and, thus, apparently did not participate in the appeal. The notice of appeal included in the list of appellants Angela Metler and Susan Russell. Metler and Russell were identified in the petition not individually but in their respective professional positions as executive director of the Animal Protection League of New Jersey and wildlife policy specialist of The League of Humane Voters of New Jersey.

A-0984-20

In a letter dated July 27, 2020, addressed to "Office of Legal Affairs[,] Attention: Rulemaking Petitions[, the DEP]," petitioners advised then DEP Commissioner Catherine R. McCabe they were petitioning the DEP "pursuant to N.J.S.A. 52:14B-4(f), N.J.A.C. 1:30-4.1 et seq. and N.J.A.C. 7:1D-1" to "repeal . . . rules permitting black bear hunting including the . . . Policy . . . , N.J.A.C. 7:25-5.6 and 5.24." In their petition, petitioners asserted "[t]he Fish and Game Council . . . and Division of Fish and Wildlife . . . authorize and conduct a black bear hunt every year" and acknowledged "[u]nder N.J.S.A. 13:1B-28, the . . . Council has the authority to formulate comprehensive policies for black bears" which "are subject to the approval of the [DEP] Commissioner."

In an October 27, 2020 letter, Gary J. Brower, the Director of the DEP's Office of Legal Affairs (Director), responded to the petition, advising petitioners of the applicable law:

> Pursuant to N.J.S.A. 52:14B-4(f), an interested person may petition an agency to adopt a new rule or amend or repeal any existing rule. The petition shall state, in part, the references to the authority of the agency to take the requested action. N.J.S.A. 52:14B-4(f)(3).
>
> The petition is seeking a repeal of portions of the Game Code, N.J.A.C. 7:25-5. As the petition notes, the governing statute authorizes and empowers the . . . Council . . . to develop regulations for a State Fish and Game Code. N.J.S.A. 13:1B-30. While the Council may only authorize a black bear hunting season

> consistent with a current comprehensive policy for the protection and propagation of the black bear population developed by the Council and approved by the Commissioner, the subject petition implicates the rulemaking authority vested in another regulatory body.

The Director concluded "the petition was incorrectly filed" with the DEP and "procedurally denied" the petition.

In a November 2, 2020 email to the Director, counsel for petitioner Animal Protection League of New Jersey argued the DEP had authority to consider the petition. Alternatively, she asserted if petitioners had incorrectly submitted their petition to the DEP, instead of procedurally denying the petition, the DEP should have referred the petition to the Council, citing N.J.A.C. 7:1D-1.1(e)(2). She asked the Director to "[p]lease submit the petition to the [DEP] Commissioner for proper consideration." The Director replied in a November 9, 2020 email:

> As indicated in the October 27, 2020 correspondence, in accordance with N.J.S.A. 13:1B-30, the . . . Council is the entity authorized by the Legislature to make and amend the rules which your petition seeks to modify. Accordingly, a petition under the applicable provisions of the Administrative Procedure Act [(APA), N.J.S.A. 52:14B-1 to -15,] to amend rules promulgated by the Council consistent with the management measure options reflected in the current approved [Policy] is appropriately made to, and decided by, the . . . Council, not the Commissioner of the [DEP].

4

In a December 8, 2020 email to the Director, counsel requested "a stay of the [DEP's] October 27, 2020 rejection of the . . . rulemaking petition, pending appeal, pursuant to R[ule] 2:9-7." In a December 9, 2020 email, the Director, referencing his prior email and correspondence, responded: "the petition to amend the Game Code was directed to the wrong agency and was not properly before the [DEP]. There is no agency action for the [DEP] to determine whether or not to stay."

Instead of submitting the petition to the Council, appellants filed this appeal. They argue the DEP erred in "basing [its] denial on two legal fictions that go against state statute, Supreme Court case law, and the [DEP's] own regulations." Specifically, appellants argue the petition was properly submitted to the DEP because the DEP commissioner is charged with approving the Policy. Alternatively, they argue that if the petition should have been submitted to the Council, the DEP should have referred the petition to the Council instead of denying it because the Council is "within" the DEP and the DEP has a "documented history of accepting rulemaking petitions and referring them to the proper division or office, including the . . . Council."

In response, the DEP argues its denial of the petition should be affirmed because petitioners sought the repeal of two provisions, N.J.A.C. 7:25-5.6 and -

A-0984-20

5.24, and an appendix of the Game Code, which consists of regulations promulgated by the Council; the Council is the regulatory body with statutory authority to adopt, amend, and repeal provisions of the Game Code and formulate the Policy; the Council is an agency under the APA; and the DEP has no authority to adopt, amend, or repeal administrative regulations of the Council, including the Game Code, or to formulate the Policy.

The DEP also asserts appellant's argument regarding the Policy has been rendered moot. On April 7, 2021, the Council adopted the 2020-21 Game Code. 53 N.J.R. 683(b) (May 3, 2021). The Game Code provisions challenged in the petition were readopted, with some amendments to N.J.A.C. 7:25-5.6. 53 N.J.R. 683(b). The Policy, previously codified as an appendix to N.J.A.C. 7:25-5.6, was not readopted, 53 N.J.R. 683(b), and has expired, see Exec. Order No. 263 (Sept. 17, 2021), 53 N.J.R. 1752(a) (Oct. 18, 2021).

In reply, appellants contend the Council is a subdivision of the DEP and its work is subject to approval of the DEP commissioner. Thus, the petition was properly submitted to the DEP. As for mootness, appellants appear to concede the bear hunting that is the subject of the rules they sought to have repealed cannot proceed given that the Policy was not readopted and expired. They argue the issue is capable of repetition and evading review given how quickly

regulations can change, citing In re J.I.S. Industrial Service Co. Landfill, 110 N.J. 101, 104-05 (1988).

## II.

Because of its expertise and knowledge in its field, our review of a DEP decision is generally limited to determining whether the DEP acted arbitrarily, capriciously, or unreasonably. Seigel v. N.J. Dep't of Env't Prot., 395 N.J. Super. 604, 613 (App. Div. 2007). We defer to its findings of fact if those findings were supported by substantial credible evidence in the record. Ibid. Although we ordinarily defer to its "interpretation of statutes and regulations within its . . . enforcing responsibility," ibid. (quoting Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001)), we are not bound by its statutory interpretation or legal conclusions, id. at 613-14. See also Del. Riverkeeper Network v. N.J. Dep't of Env't Prot., 463 N.J. Super. 96, 112-113, (App. Div. 2020).

In the APA, the Legislature set forth the procedure for the adoption, amendment, and repeal of rules by state agencies. Under N.J.S.A. 52:14B-4(f), "[a]n interested person may petition an agency to adopt a new rule, or amend or repeal any existing rule" by submitting the petition "to the agency through mail, e-mail, electronic mailing list, or through any other means." The petition must

reference "the authority of the agency to take the requested action."  Ibid.  A

"[s]tate agency" or "agency" is defined under N.J.S.A. 52:14B-2 as:

> includ[ing] each of the principal departments in the executive branch of the State Government, and all boards, divisions, commissions, agencies, departments, councils, authorities, offices or officers within any such departments now existing or hereafter established and authorized by statute to make, adopt or promulgate rules or adjudicate contested cases, except the office of the Governor.

The DEP has a regulation regarding petitions to repeal its rules.  Under N.J.A.C.

7:1D-1.1(b), "[a]ny interested person may petition the [DEP] to promulgate,

amend or repeal any rule of the [DEP]."  The petition must "state clearly and

concisely . . . [t]he statutory authority under which the [DEP] may take the

requested action . . . ."  N.J.A.C. 7:1D-1.1(b)(5).

The Legislature established within the DEP a division now called the

Division of Fish and Wildlife.  U.S. Sportsmen's All. Found. v. N.J. Dep't of

Env't Prot., 182 N.J. 461, 473 (2005).  Within the Division of Fish and Wildlife,

the Legislature created the Council.  Ibid.; see also N.J.S.A. 13:1B-24 ("There

shall be within the Division of Fish . . . and Wildlife, a Fish and Game Council

. . . .").  The Legislature authorized the Council "subject to the approval of the

[DEP] commissioner, [to] formulate comprehensive policies for the protection

and propagation of fish, birds, and game animals . . . ."  N.J.S.A. 13:1B-28.  The

Legislature gave the Council the ability to "[e]stablish, extend, shorten or abolish open seasons and closed seasons" and "[p]rescribe the manner and the means of pursuing, taking, or killing any species or variety." N.J.S.A. 13:1B-32(a), (d). The Legislature also "authorized and empowered" the Council

> to determine under what circumstances . . . game animals, and fur-bearing animals . . . may be pursued, taken, killed, or had in possession so as to maintain an adequate and proper supply thereof, and . . . adopt and from time to time amend and repeal such appropriate and reasonable regulations concerning the same . . . as it deems necessary to preserve, properly utilize or maintain the best relative number of any species or variety thereof, at the times, in the manner and to the extent hereinafter provided. The regulations so established shall be called the State Fish and Game Code.
>
> [N.J.S.A. 13:1B-30.]

The Game Code, N.J.A.C. 7:25-5 to -5.39, "is codified in subchapter five of N.J.A.C. 7:25." N.J. Animal Rts. All. v. N.J. Dep't of Env't Prot., 396 N.J. Super. 358, 363 (App. Div. 2007). The petitioners sought the repeal of N.J.A.C. 7:25-5.6, -5.6 (App.) (2020), and -5.24, all contained in the Game Code and all promulgated by the Council.

In U.S. Sportsmen's Alliance Foundation v. New Jersey Department of Environmental Protection, 182 N.J. at 469-79, our Supreme Court discussed the interplay between the DEP and the Council. The Court recognized the Council

as an agency, id. at 475 ("Within [the] DEP divisions are agencies like the Fish and Game Council"), and that agencies within the DEP divisions "possess authority in varying levels," ibid. Citing N.J.S.A. 13:1B-28, the Court acknowledged "the [DEP] Commissioner must approve the . . . Council's comprehensive policies," id. at 474, and "[s]pecifically . . . [the] Council's ability to authorize a bear hunt is subject to the statutory condition precedent of the [DEP] Commissioner's earlier approval of the very comprehensive policies governing the propagation of black bears," id. at 475-76. The Court nevertheless found "it is clear that despite the [DEP] Commissioner's transcendent obligation to coordinate and oversee the DEP's environmental protection and conservation initiatives, the Legislature granted substantial independence to the Fish and Game Council and withheld from the [DEP] Commissioner overall supervisory power over the [Council] . . . ." Id. at 474.

Adhering to our obligation, when interpreting statutes, to look at the statutes' actual language and give their words their generally accepted meaning, Rivera v. Union Cnty. Prosecutor's Off., 250 N.J. 124, 141 (2022), we conclude the Legislature clearly created the Council as the agency authorized to promulgate the regulations and policy at issue in appellants' petition. The Legislature expressly gave the Council, not the DEP, the authority to "adopt and

from time to time amend and repeal" the regulations that make up the Game Code. N.J.S.A. 13:1B-30.

Appellants would have us conclude that because the Council is an agency within the penumbra of the DEP, the DEP has the authority to repeal regulations enacted by the Council. To reach that conclusion, we would have to ignore the express language of the statute giving the Council that authority – something we cannot do. "We must presume that every word in a statute has meaning and is not mere surplusage," In re Att'y Gen.'s "Directive on Exit Polling: Media & Non-Partisan Pub. Int. Grps.", 200 N.J. 283, 297-98 (2009), and we "give effect to every word" so that we do not "construe the statute to render part of it superfluous," Med. Soc'y of N.J. v. N.J. Dep't of L. & Pub. Safety, 120 N.J. 18, 26-27 (1990). See also Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 586 (2013) (in reviewing the Legislature's words, we follow the "bedrock assumption that the Legislature did not use 'any unnecessary or meaningless language'") (quoting Patel v. N.J. Motor Vehicle Comm'n, 200 N.J. 413, 418-19 (2009)). That the Policy[2] is subject to the approval of the DEP

---

[2]  We recognize, as the DEP asserts, the Policy was not readopted and has expired. See 53 N.J.R. 683(b); see also Exec. Order No. 263 (Sept. 17, 2021), 53 N.J.R. 1752(a). We address it not based on any finding the issue is capable of repetition and evading review but because of its connection to N.J.A.C. 7:25-

commissioner does not strip the Council of its authority to formulate it and adopt it, if appropriate to do so, as a rule. N.J. Animal Rts. All., 396 N.J. Super. at 372.

Petitioners sought the repeal of provisions of the Game Code, N.J.A.C. 7:25-5.6, -5.6 (App.) (2020), and -5.24. The Council, not the DEP, is the agency that has "the authority . . . to take the . . . action" requested by petitioner. N.J.S.A. 52:14B-4(f)(3). Accordingly, the petition should have been submitted to the Council, and the DEP correctly denied it on that procedural ground.

Appellants would have us impose on the DEP the obligation to submit their misdirected petition, and presumably every misdirected petition, to the correct agency. Given that the Legislature has not imposed that obligation on the DEP, we see no basis to impose it. Instead, as the APA makes clear, it is the obligation of an interested party to submit a petition to the agency that has the authority to take the action requested in the petition. N.J.S.A. 52:14B-4(f).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

5.6, and because, like the other regulations at issue, it was part of the Council's Game Code.